# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| GEONNA RICKEY, | § | |
| | § | |
| Plaintiff | § | Civil Action No. 4:20-cv-881 |
| | § | Judge Mazzant |
| v. | § | |
| | § | |
| GVD HYDE PARK, LLC, GVD | § | |
| CONSTRUCTION, LLC, DIXON | § | |
| ADAMS COMPANY, LLC, JUSTIN D. | § | |
| ADAMS, and GENE DIXON, | § | |
| | § | |
| Defendants | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Opposed Motion for Phased Discovery (Dkt. #20). Having considered the Motion and briefing, the Court finds the Motion should be **DENIED**.

### BACKGROUND

This is a Fair Housing Act ("FHA") case concerning the alleged failure of Defendants to design and construct the Hyde Park Apartments (the "Property") in compliance with FHA accessibility requirements (Dkt. #1). Plaintiff is a handicapped individual who uses a wheelchair (Dkt. #1 at p. 3). Plaintiff alleges she could not fully access the Property during a visit and sued Defendants, who are the Property's designers and contractors (Dkt. #1 at pp. 3-4). Alleged violations include the failure to design and construct accessible units, common areas, and passageways around the complex (Dkt. #1 at pp. 8-9).

On February 2, 2021, Defendants moved for phased discovery, asking to stay all discovery unrelated to the issue of standing (Dkt. #20). On March 5, 2021, Plaintiff responded (Dkt. #23). On March 8, 2021, Defendants replied (Dkt. #24).

**LEGAL STANDARD**

Standing is a prerequisite to the exercise of federal jurisdiction. *See Cole v. Gen. Motors Corp.*, 484 F.3d 717, 721 (5th Cir. 2007). The doctrine of standing addresses the question of who may properly bring suit in federal court. *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). It "involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise." *Id.* To satisfy the case-or-controversy requirement of Article III of the Constitution, a plaintiff must show: (1) they have suffered an "injury in fact"; (2) the injury is "fairly traceable" to the actions of the defendant; and (3) the injury will "likely be redressed by a favorable decision." *Bennett v. Spear*, 520 U.S. 154, 162 (1997) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). An injury in fact must be "concrete and . . . actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal quotation marks and citations omitted). Moreover, "the injury must affect the plaintiff in a personal and individual way." *Id.* at 560 n. 1.

The FHA affords a cause of action to an "aggrieved person," 42 U.S.C. § 3613(a)(1)(A), and defines this term as any person who "claims to have been injured by a discriminatory housing practice" or who "believes that such person will be injured by a discriminatory housing practice that is about to occur," 42 U.S.C. § 3602(i). To give full effect to the broad remedial purposes of the FHA, and to encourage its enforcement by private litigants, Congress has abrogated prudential standing under the FHA, thus extending standing to the limits of Article III. *See Lincoln v. Case*, 340 F.3d 283, 289 (5th Cir. 2003) ("The Supreme Court has held that the sole requirement for standing under the FHA is the Article III minima.") (citing *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 372 (1982)).

District courts have discretion to stay discovery "for good cause shown." FED. R. CIV. P.

26(c)(1); *accord Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990); *see generally Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Standing is a threshold jurisdictional requirement where a stay of discovery may be appropriate, but there is no rule requiring a stay be automatic in standing cases. *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987); *Laufer v. Patel*, No. 1:20-CV-631-RP, 2021 WL 327704, at *2 (W.D. Tex. Feb. 1, 2021). Relevant factors that inform the court's discretion are: "(1) the breadth of discovery sought; (2) the burden of responding to such discovery; and (3) the strength of the dispositive motion filed by the party seeking a stay." *Von Drake v. Nat'l Broad. Co.*, No. 3:04-cv-652-R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004).

## ANALYSIS

Defendants ask the Court to order phased discovery, staying all discovery unrelated to the issue of standing. Plaintiff argues this request should be denied because she has standing. The Court agrees with Plaintiff.

Standing is broad under the FHA because private litigants are the primary method of obtaining compliance with the Act. *See Trafficante*, 409 U.S. 205, 209 (1972). To effectuate the purpose of the FHA, the statute "permits any 'aggrieved person' to bring a housing-discrimination lawsuit." *Bank of Am. Corp. v. City of Miami*, 137 S. Ct. 1296, 1303 (2017) (quoting 42 U.S.C. § 3613(a)). In several seminal cases, the Supreme Court held "the FHA's definition of person 'aggrieved' reflects a congressional intent to confer standing broadly." *Id.* at 1303; *see, e.g.*, *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 115–16 (1979) (finding that a municipality and four of its residents were allowed to sue local realtors for the harm to the town's

3

racial balance caused by steering white and black home seekers to different neighborhoods). This definition of "aggrieved person" extends to "testers"—individuals who, without an intent to rent or purchase an apartment, pose as renters for the purpose of collecting evidence about accessibility. *See Havens Realty*, 455 U.S. at 372.

Applying this definition, the pleadings indicate Plaintiff met all three elements of standing: she suffered an injury in fact, which is fairly traceable to the actions of the defendant, and will likely be redressed by a favorable decision. Like in "tester" cases involving racial discrimination, Plaintiff need not have intent to rent at the Property to have standing. *See Havens Realty*, 455 U.S. at 372.

1. **Injury in Fact**

First, the Court considers the Article III standing injury in fact requirement. Defendants argue Plaintiff did not suffer a concrete and particularized injury within the zone of interests protected by the FHA because she visited the Property solely to look for accessibility problems (Dkt. #20 at p. 5). Defendants argue phased discovery is appropriate because it may uncover if Plaintiff had any other reason for visiting the Property (Dkt. #20 at p. 5). Plaintiff argues she did suffer a cognizable injury because her intent to rent an apartment is not a prerequisite for being an "aggrieved person" under the FHA (Dkt. #23 at p. 2)

The Court finds Plaintiff suffered a cognizable injury because the FHA confers broad standing over any individual who encounters an accessibility barrier, even if they never intended to rent the property. The purpose of the FHA is to "eradicate discriminatory practices within [the housing] sector of our Nation's economy." *Tex. Dep't of Hous. & Cmty. Affs. v. Inclusive Communities Project, Inc.*, 576 U.S. 519, 539 (2015). "[A] narrow standing rule . . . which limits liability . . . solely to previously known barriers to access, defeats the remedial purposes of the

[FHA] and places disabled persons in the unreasonable position of having to overcome unlawful access barriers in a serial, seriatim fashion." *McConnell v. Canadian Pac. Realty Co.*, 280 F.R.D. 188, 194 (M.D. Pa. 2011); *accord Bowman v. Prida Construction, Inc.*, No. 3:19-CV-00066, 2020 WL 6688612, at *7 (S.D. Tex. Oct. 8, 2020).

Defendants argue this is an issue of first impression because no federal court has decided whether an individual has standing if they visit an apartment complex with "exclusive intent" to find an accessibility violation (Dkt. #24 at p. 3). But while FHA cases often involve an individual who visits a property aiming to rent or purchase, courts have never held the intent of the individual bears on the inquiry. In *Havens Realty*, the Supreme Court held "testers" have a cognizable injury under the standing inquiry to bring an FHA claim even if they had no intention of renting the property. 455 U.S. at 374 ("That the tester may have approached the real estate agent fully expecting that he would receive false information, and without any intention of buying or renting a home, does not negate the simple fact of injury within the meaning of § 804(d)."). Similarly, in *Bowman v. Prida Construction, Inc.*, the court found a plaintiff suffered an injury even though he was a serial litigator who only held himself out as a prospective renter in the interest of seeing apartment units. 2020 WL 668812, at *6 ("To be clear, Bowman would have serious standing issues if (1) he never visited the property but still sought to bring a claim for affirmative relief, or (2) he visited the Property but failed to encounter any accessibility issues during his time on site. But neither of those situations occurred in this case.").

Here, Plaintiff alleges she personally visited the Property and was injured by several accessibility barriers at the complex (Dkt. #1 at p. 7). Plaintiff raises several FHA violations, including bathrooms lacking clearance, inaccessible routes to first-floor units, and excessively high thresholds to navigate her wheelchair (Dkt. #23 at pp. 3-4). Any evidence uncovered through

5

phased discovery would only inform Defendants about Plaintiff's mental state when visiting the Property, which is irrelevant to the inquiry of whether she suffered harm. Defendants argue there is no standing if someone merely witnesses discriminatory conduct, but their cited cases are distinguishable because Plaintiff actually experienced the accessibility problems when she visited the Property (Dkt. #20 at pp. 4-5). For an injury to be "particularized it must affect the plaintiff in a personal and individual way," which it did when Plaintiff encountered the problems. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016).

As standing under the FHA does not require that an individual intends to rent a unit, Plaintiff satisfies the injury in fact element of Article III standing.

### 2. Fairly Traceable

Next, the Court considers the Article III standing causation requirement. To satisfy the causation element of standing, Plaintiff must establish her injury is fairly traceable to Defendants' design and construction of the Property. *See Lujan*, 504 U.S. at 561. This requires proving the conduct is not the result of an independent third party not before the Court. *See Inclusive Communities Project, Inc. v. City of McKinney, Tex.*, No. 4:08–CV–434, 2009 WL 2590121, at *5 (E.D. Tex. Aug. 18, 2009). Defendants are owners, designers, and contractors who participated in the construction of the Property (Dkt. #1 at pp. 3-4). As the alleged FHA violations are fairly traceable to the parties who constructed the Property, Plaintiff has established the causation element of standing.

### 3. Redressability

Lastly, the Court considers the Article III standing redressability requirement. To satisfy the redressability element of standing, Plaintiff must establish her injury will be redressed by a favorable decision. *See Lujan*, 504 U.S. at 561. Plaintiff requests an injunction requiring

Defendants bring the Property into compliance with the FHA and awarding her damages for the allegedly discriminatory housing practices (Dkt. #1 at pp. 11-12). As this relief would redress her injury, Plaintiff has established the redressability element of standing.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion for Phased Discovery (Dkt. #20) is **DENIED**.

**SIGNED** this 17th day of March, 2021.

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE