# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| GEONNA RICKEY, | § | |
| | § | |
| Plaintiff | § | Civil Action No. 4:20-cv-881 |
| | § | Judge Mazzant |
| v. | § | |
| | § | |
| GVD HYDE PARK, LLC, GVD | § | |
| CONSTRUCTION, LLC, DIXON | § | |
| ADAMS COMPANY, LLC, JUSTIN D. | § | |
| ADAMS, and GENE DIXON, | § | |
| | § | |
| Defendants | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Protective Order to Prevent Spoliation of Evidence and to Compel Inspection of Property (Dkt. #18). Having considered the Motion and briefing, the Court finds the Motion should be **GRANTED in part** and **DENIED in part as moot**.

## BACKGROUND

This is a Fair Housing Act ("FHA") case concerning the alleged failure of Defendants to design and construct the Hyde Park Apartments (the "Property") in compliance with FHA accessibility requirements (Dkt. #1). Plaintiff is a handicapped individual who uses a wheelchair (Dkt. #1 at p. 3). Plaintiff alleges she could not fully access the Property during a visit and sued Defendants, who are the Property's designers and contractors (Dkt. #1 at pp. 3-4). Alleged violations include the failure to design and construct accessible units, common areas, and passageways around the complex (Dkt. #1 at pp. 8-9).

On February 19, 2021, Plaintiff moved to compel inspection of the Property and enter a protective order to prevent spoliation of evidence (Dkt. #18). On February 21, 2021, Defendants

responded (Dkt. #19). On March 1, 2021, Plaintiff replied (Dkt. #22).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(c), the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). The burden is upon the party seeking the protective order "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (internal quotation marks and citation omitted). Therefore, a protective order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection. *See Laundry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990). The Court has broad discretion in granting a motion for a protective order because it is "in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *see Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985).

The spoliation of evidence doctrine governs the intentional destruction of evidence in pending or reasonably foreseeable litigation. *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015); *Crain v. City of Selma*, 952 F.3d 634, 639 (5th Cir. 2020). Once litigation is reasonably anticipated, a potential party must not destroy unique, relevant evidence that might be useful to an adversary. *Ashton v. Knight Transportation, Inc.*, 772 F. Supp. 2d 772, 800 (N.D. Tex. 2011).

## ANALYSIS

Plaintiff asks the Court to: (1) compel inspection of the Property; and (2) enter a protective order to prevent spoliation of the evidence (Dkt. #18). Defendants concede that Plaintiff may

2

inspect the Property if she sends a proper discovery request, but argue they have a statutory duty to remedy the accessibility problems as soon as possible (Dkt. #19).

The Court finds the parties should abide by the rules of discovery in arranging an inspection of the Property. The Court also finds Defendants may remedy the accessibility problems before inspection, but must create a detailed record of any modifications.

### I. Inspection

Plaintiff argues the Court should compel Defendants to permit an inspection of the Property (Dkt. #18). Defendants argue they never refused an inspection Property, but rather insisted Plaintiff follow the rules of discovery by sending a request for inspection after the Rule 26(f) conference (Dkt. #19). Plaintiff's reply indicates the parties resolved this issue and an inspection is scheduled for March 24, 2021 (Dkt. #22).

As the parties resolved the issue, there is nothing for the Court to compel. The parties are ordered to abide by the rules of discovery in inspecting the property. *See* FED. R. CIV. P. 34(a)(2). This issue is therefore denied as moot.

### II. Protective Order

Plaintiff argues the Court should enter a protective order prohibiting Defendants from remedying the accessibility problems at the Property before Plaintiff conducts an inspection. Defendants argue this is unreasonable because they have a duty to remedy the accessibility problems as soon as possible. The Court finds Defendants may remedy the accessibility problems to prevent future harm, but if they do, they must create a detailed record of all modifications.

Courts encourage remedial measures to prevent future harm. *See Ashton v. Knight Transp., Inc.*, 772 F. Supp. 2d 772, 800 (N.D. Tex. 2011). These measures are particularly important in FHA cases, where failure to remedy a violation risks preventing disabled individuals from equal

access to a property. *See Tex. Dep't of Hous. & Cmty. Affs. v. Inclusive Communities Project, Inc.*, 576 U.S. 519, 539 (2015).  At the same time, courts discourage and often sanction parties for spoiling evidence before trial. *See Slabisak v. Univ. of Texas Health Science Center at Tyler*, No. 4:17-CV-597, 2018 WL 4842690, at *1 (E.D. Tex. Oct. 4, 2018).  The Court therefore seeks to strike a balance between these two interests.

Defendants may remedy accessibility problems on the Property, but must keep detailed records of any changes they make before Plaintiff conducts an inspection.  Plaintiff requested inspection of the Property on March 24, 2021, so any modifications to the Property in the interim should be minimal.  Defendants argue this is unnecessary because remedial measures would prevent the need for injunctive relief, but Plaintiff's claim for damages requires evidence of the accessibility problems she encountered (Dkt. #19 at p. 2).  Records of any modifications should include more than just a "paper trail of design/build violations." (Dkt. #19 at p. 2).  Instead, Defendants should record Plaintiff's alleged violations through photographs and measurement. For example, if Defendants repave accessibility routes between the buildings, they must measure the steepness of the slopes before making any changes (Dkt. #18 at p. 3).  And if Defendants renovate bathrooms in units at the Property, they must measure the toilet centerlines and threshold clearance (Dkt. #18 at p. 4).

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Protective Order to Prevent Spoliation of Evidence and to Compel Inspection of Property (Dkt. #18) is **GRANTED in part** and **DENIED in part as moot**.

SIGNED this 19th day of March, 2021.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE